## Commonwealth v. Leta

*William Carlucci, assistant district attorney*, for the Commonwealth.

*John Campana,* for defendant.

RAUP, *P.J.*, March 13, 1984—Defendant in this case was convicted before a district justice for violating section 3362(a)(2) of the Motor Vehicle Code, 75 Pa.C.S. §101 et seq. Defendant appealed the conviction to the court of common pleas and a hearing de novo was held before the Honorable Thomas C. Raup. In an opinion and order, dated February 17, 1984, defendant was found to have proceeded 67.6 miles per hour in a 55-mile-per-hour zone. The

court in that opinion also disposed of all of defendant's legal issues except the issue which is presently before the court. Because of the wide variety of views on this issue, Judge Raup thought it appropriate that the issue be heard by the court en banc.

Defendant, relying on Commonwealth v. Antonavage, no. 173 CR 82 (C.P., Carbon County, opinion of December 14, 1982), and other common pleas court decisions, argued that before local police authorities are permitted to use speed-timing devices such as "Speed Check," an ordinance must be adopted by the local municipality authorizing such an instrument and an appropriate notice to operators must be erected on the highways advising them that such an instrument is being used. The Commonwealth, relying on Commonwealth v. Selleck, 15 Lyc. 66 (1982), and other court of common pleas decisions, argued that such ordinances and notices to operators are not required.

The pertinent provisions of the Motor Vehicle Code are found in sections 6102 and 6109:

"§6102. Powers and duties of department and local authorities.

. . .

(b) Local authorities — Local authorities may exercise the powers granted in this chapter only by duly enacted ordinances of their governing bodies.

"§6109. Specific powers of department and local authorities.

(a) Enumeration of police powers — The provisions of this title shall not be deemed to prevent the department on state-designated highways and local authorities on streets or highways within their physical boundaries from the reasonable exercises of police power. The following are presumed to be reasonable exercises of police power:

. . .

(11) Enforcement of speed restrictions authorized under Subchapter F of Chapter 33, except that speed restrictions may be enforced by local police on a limited access or divided highway only if it is patrolled by the local police force under the terms of an agreement with the Pennsylvania State Police. . . .

(b) Action by local authorities. — Action taken by local authorities under this section shall be:

(1) by ordinance of the local governing body; or

(2) by a commission or public official authorized to act on specified matters.

(c) When traffic-control devices required — No regulation or ordinance enacted under sub-section (a)(1), (4), (5), (6), (7), (9), (10), (11), (12), (13), (14), (15), (16) or (21) shall be effective until official traffic-control devices giving notice of the traffic regulations or ordinances are erected upon or at the entrances to the highway or part thereof affected as may be most appropriate."

In Commonwealth v. Selleck, 15 Lyc. 66 (1982), this court had a previous occasion to consider whether an ordinance must be passed and signs posted before a local police authority may enforce speed restrictions. In Selleck, Judge Wollet stated:

"The Vehicle Code does not require Clinton Township to enact an ordinance and post signs prior to the use of VASCAR - plus to enforce speed limits within the township. Section 6109 enunciates existing police powers which the provisions of the code are not 'deemed to prevent.' Thus, the enforcement of speed restrictions is reserved for localities and is unaffected by other provisions of the code, including section 6102. Section 6102 requires an ordinance only for powers 'granted in this chapter,' not for pre-existing powers." 15 Lyc. at 68. Likewise, Judge Wollet rejected defendant's argument

brought under Vehicle Code §6109(c). "Section 6109(c) cannot be read to require the posting of signs for every means of enforcement used; rather, it requires the posting of signs for the general existence and enforcement of speeding regulations, i.e., speed limit signs." 15 Lyc at 68.

Our opinion in Selleck has been criticized in Commonwealth v. Antonavage, slip op. at 6. The court said, "(w)e agree with the well-reasoned brief of counsel for defendant that the rationale of the Selleck opinion is misplaced. The court seized upon the ambiguous language of section 6109(a) to produce what we view as a strained interpretation of Chapter 61 of the Vehicle Code." Notwithstanding the view of Judge Lavelle in Antonavage, we are compelled to reaffirm the view set forth by Judge Wollet in Selleck.

First, it is clear that if local officials exercise any of the specific powers enumerated in section 6109(a), they must pass an ordinance. Section 6109(b) is not ambiguous in this regard. The question is whether, in enforcing the speed restrictions, the local police are taking action under section 6109(a).

We do not believe that they are. In this case the Borough of Montoursville was not imposing a speed restriction as it is permitted to do under Vehicle Code §3362(a) (3); it was simply enforcing a 55-mile-per-hour restriction imposed by the state. No ordinance is necessary for this purpose. Section 6109 cannot be interpreted as saying that specific laws of the Commonwealth are only enforceable by local police if the local authority enacts an ordinance and posts a sign.

In Antonavage, a 35-mile-per-hour speed limit was established in what would have been, under

section 3362(a) (2), a 55-mile-per-hour zone. No ordinance was passed by the local municipality authorizing the use of the ESP TK100 speed-measuring device to enforce speed restrictions. We disagree that under these circumstances an ordinance must be enacted to allow the local police to enforce the lower speed limit by any particular means. It is clear that section 6109 does not address the means by which speed restrictions are enforced by police officials. It is the imposition of speed restrictions, not the method of their enforcement, which must be authorized by ordinance or other act as set forth in section 6109(b). No provision of the Vehicle Code requires that an ordinance be adopted approving of a specific method for measuring speed. Such a provision would be redundant and perhaps inconsistent with the provisions of the Vehicle Code which give the Department of Transportation the responsibility of testing and approving various speed-measuring devices. See 75 Pa.C.S. §3368. Thus, the court rejects defendant's argument that an ordinance is required for the local police to use speed measuring devices.

The final argument by defendant is that under Vehicle Code §6109(c), Montoursville is required to post a sign indicating that speed-checking equipment is being used. But, as we noted in Selleck, that interpretation of the statute is incorrect. The phrase "traffic control device" in section 6109(c) refers to signs or lights erected by the appropriate governing authority giving notice to the vehicle operator of the existence of a particular vehicle restriction. Thus, if a 45-mile-per-hour speed limit has been imposed by ordinance, a sign indicating that speed limit must be posted. There is no requirement in the act that the public be advised of the particular speed-mea-

suring mechanism being used by the local police department. It is enough that the public be properly on notice of the particular vehicle restriction — here the 55-mile-per-hour speed limit. The evidence is clear in this case that the public was properly given notice of the 55-mile-per-hour speed limit. The requirements of Vehicle Code §6109(c) have been met.

## ORDER

And now, this March 13, 1984, the court finds defendant guilty of one count of exceeding the maximum speed limit under 75 Pa.C.S. §3362(a) (2).